UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRIC MAURICE BUCKLON,

                    Petitioner,

-vs-                                                    Case No.  8:04-cv-2302-T-17TGW

JAMES V. CROSBY, JR.,

                    Respondent.

_____

## **ORDER**

Before this Court is a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by a Florida prisoner challenging his conviction for manslaughter arising out of the Thirteenth Judicial Circuit, Hillsborough County, Florida. He is proceeding on an amended petition raising eight grounds. (Doc. No. 5). Bucklon's January 13, 2005, amendment adds a ninth ground which, although not relating back to the original petition, does not appear to be time-barred under 28 U.S.C. § 2244(d).[1] However, ground nine is unexhausted. Bucklon's futility argument does not require AEDPA substantive review in any regard.

_____

[1] See Mayle v. Felix, 545 U.S. 644 (2005)(habeas petitioner's amended petition, filed after the one-year limitations period, did  not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition, and thus did not "relate back" to the date of the original petition; the amended petition asserted a new ground for relief supported by facts that differed in both time and type from those the original pleading set forth).

Furthermore, the proposed ninth ground is a state law sentencing issue which provides no basis for federal, constitutional habeas corpus relief. See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam).

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992). Federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Petitioner sets out his claims as ones of equal protection or due process. Branan v. Booth, 861 F.2d at 1508.

The Court will address the eight grounds raised in the petition.

Background

On June 29, 1999, Bucklon was sentenced in case nos. 98-06433 and 98-12380. Those judgments are not attacked in the instant petition. The judgment attacked in the present petition is the conviction and sentence entered after Bucklon was indicted for first degree murder in case no. 98-5011. Following a jury trial held January 27-29, 1999, Bucklon was found guilty of the lesser offense of manslaughter with a firearm. (Resp. Ex. 01, V 2-5, T 1- 457, 461; V 1, R 88-89) Sentencing proceedings were held March 1, and March 8, 1999. Bucklon was adjudicated guilty in accordance with the verdict and

sentenced to life imprisonment as an habitual felony offender. (Resp. Ex. 01, V 6, T 529-555; V 1, R 90-97)

Bucklon appealed his state judgment, arguing that the trial court erroneously denied his motion for judgment of acquittal. On October 27, 2000, the state district court of appeal per curiam affirmed his conviction and sentence in case no. 2D01-5283. Bucklon v. State, 773 So. 2d 546 (Fla. 2d DCA 2000)[table]. Bucklon did not seek rehearing and did not seek certiorari review of the silent affirmance by the United States Supreme Court.

Bucklon's pro se 3.800 motion to correct illegal sentence dated December 5, 2000, was denied by the state trial court.  Bucklon appealed, and on November 21, 2001, the state district court per curiam affirmed the denial of relief in case no. 2D01-4560. Bucklon v. State, 803 So.2d 722 (Fla. 2d DCA 2001)[table].

Previously, Bucklon had filed a pro se petition for writ of habeas corpus dated February 23, 2001. On June 20, 2001, his petition was denied without prejudice in case no. 2D01-708. Bucklon v. State, 787 So.2d 963 (Fla. 2d DCA 2001). The decision provides, in relevant, part:

> The petition for writ of habeas corpus is denied without prejudice to any right Mr. Bucklon might have to raise these issues in the trial court in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.

Bucklon, 787 So.2d at 963.

Bucklon had filed a pro se 3.850 motion for postconviction relief dated April 3, 2001, alleging claims of ineffective assistance of trial counsel. (Resp. Ex. 15) By nonfinal order rendered August 28, 2001, the state trial court summarily denied grounds one, three through six, eight, and nine of the rule 3.850 motion. (Resp. Ex. 16) Bucklon's collateral

counsel abandoned grounds two, seven, and ten. Granting reconsideration of the summary denial with regard to ground three, the State requested an evidentiary hearing on ground three, which was held July 25, 2002. A final rule 3.850 denial was rendered September 25, 2002. (Resp. Ex. 17)

Bucklon appealed, and following briefing, on February 5, 2004, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D02-4869. Bucklon v. State, 871 So.2d 219 (Fla. 2d DCA 2004)[table]. Bucklon then timely filed the present federal petition. He is proceeding on his amended petition. (Doc. No. 5).

STANDARD OF REVIEW

Bucklon fails to meet his burden under §§ 2254(d), (e). Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Sec., Dept. Corr., 331 F.3d 764 (11th Cir. 2003)(internal citation omitted). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

The "unreasonable application" clause of § 2254(d)(1) applies when the "state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004)(citing Williams v. Taylor, 529 U.S. 362, 413 (2000). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable. See Yarborough v. Gentry, 540 U.S. 1(2003)(citing Wiggins v. Smith, 539 U.S. 510, 521 (2003)); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam); Williams v. Taylor, 529 U.S. 362, 409 (2000). The Court has made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. Holland, 124 S.Ct. at 2737(citing Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003) (per curiam) 124 S.Ct., at 4 (denying relief where state court's application of federal law was "supported by the record"); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. 685, 697, n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes, in its independent judgment, that the state-court decision applied a Supreme Court case incorrectly. Price, supra (citing Bell, 535 U.S. at 699; Williams at 411). It is the habeas applicant's burden to show the state court applied that case to the facts of his case in an objectively unreasonable manner. Price, (citing Woodford, supra, 537 U.S. at 24-25.

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Congress in passing the AEDPA also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. Crawford v. Head, 311 F.3d 1288, 1328-1329 (11th Cir. 2002); see 28 U.S.C. §2254(e)(2).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Bucklon's petition for writ of habeas corpus must be **denied**.

## Ground One

Bucklon contends his motion for judgment of acquittal was erroneously denied. According to Bucklon, the state failed to rebut his claim that he acted in self-defense when he shot the victim.  Although couched in constitutional terms, ground one presents a state law issue for which federal habeas corpus relief does not lie. Under Florida law, the state trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). In a circumstantial evidence case, "the sole function of the state trial court ... is to determine whether there is a prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the finder of fact to resolve." Gore v. State, 784 So. 2d 418 (Fla. 2001).

Whether the state's evidence is sufficient under state law to rebut a claim of self-defense to survive a motion for judgment of acquittal or new trial is solely a state law matter.[2] Federal habeas relief is available to correct only constitutional injury. Wainwright v. Goode, 464 U.S. 78 (1983); Eagle v. Isaac, 456 U.S. 107, 119 (1982). Errors which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief. Because this ground asserts claims of error of state law, such are not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Furthermore, ground one is procedurally barred as a result of Bucklon's failure to raise the federal constitutional dimension of his ground in a timely manner at trial and then on direct appeal. Bucklon raised his issue in state law terms in the state courts, which did not suffice to exhaust a federal question concerning the denial of his acquittal motion. He did not timely advise the trial and appellate courts that the state's proof ran afoul of federal due process guarantees. His state law arguments at trial and on direct appeal do not suffice to meet the exhaustion requirement. See Duncan v. Henry, 513 U.S. 364, 365 (1995)(mere similarity of claims is insufficient for exhaustion).

A § 2254 application cannot be granted unless a petitioner has exhausted the remedies available in the state courts. 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.1998). Before seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1), must "fairly present" his claim

---

[2] See Daisy v. Dretke, 2004 U.S. Dist. LEXIS 24374, 4-5 (D. Tex. Dec. 2, 2004)(Magistrate's report observing that a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254 and Texas' "factual sufficiency" review of the evidence was broader than a "legal sufficiency" challenge under Jackson v. Virginia, 443 U.S. 307(1979)) (adopted, Daisy v. Dretke, 2004 U.S. Dist. LEXIS 26803 (D. Tex. Dec. 21, 2004)).

in each appropriate state court to alert that court to the claim's federal nature. See Baldwin v. Reese, 124 S.Ct. 1347, 1350 (2004).

By not timely raising the constitutional dimension, if any, of his ground at trial and on appeal, Bucklon deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also, Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001)).

Dismissal for failure to exhaust is not appropriate because this claim is procedurally barred under state law. See Coleman v. Thompson, 501 U.S. 722 (1991). Because Bucklon could, if at all, have preserved and raised a constitutional claim regarding denial of his acquittal motion on direct appeal, he was precluded from doing so collaterally in a rule 3.850 motion. E.g., Jackson v. State, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994)(claims of insufficiency of evidence claims cannot be raised under rule 3.850). This Circuit has long recognized this aspect of Florida law. See Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), cert. denied, 464 U.S. 922 (1983); Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir.),(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion), cert. denied, 498 U.S. 832 (1990).

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in Murray v. Carrier, 477 U.S. 478, 496 (1986).[3] Cause must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

Bucklon did not show cause in the state courts to excuse his default, and any allegation in such regard is now procedurally barred by the two-year limitation of rule 3.850, see Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), cert. denied, 498 U.S. 834 (1990), and the state's successive petition doctrine. E.g., Foster v. State, 614 So. 2d 455, 458 (Fla. 1992); Zeigler v. State, 632 So.

---

[3] To show "'prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982). A petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson v. Campbell, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (2001) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Schlup, 513 U.S. at 324.

2d 48, 51 (Fla. 1993).[4] Even if Bucklon could show valid cause, Bucklon cannot avoid his default.  Bucklon does not allege and meet the prejudice component of the Wainwright v. Sykes test or the fundamental miscarriage of justice exception to lift the state procedural bar.

Both Florida statutory and common law permit the use of deadly force in self-defense if a person reasonably believes that such force is necessary to prevent imminent death or great bodily harm. Weiand v. State, 732 So.2d 1044, 1049 (Fla. 1999). Specifically, section 776.012, Florida Statutes (1995), provides that "a person ... is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony." Even under these circumstances, there is still a Florida common law duty to use every reasonable means to avoid the danger, including retreat prior to using deadly force. State v. James, 867 So. 2d 414 (Fla. 3rd DCA 2003).

To the extent Bucklon relies on his state law arguments in his direct appeal, the affirmance on appeal rests on independent and adequate substantive ground. The decision settles that the state's evidence was legally sufficient to establish the elements of the crime for which Bucklon was indicted, and,  in turn, the lesser offense for which he was found guilty, and to show that Bucklon was not justified in using deadly force, so as to prevail on an acquittal motion under state law. Such state law determinations are not subject to federal habeas review. See Eagle v. Linahan, 279 F.3d 926, 936 (11th Cir. 2001)(federal

---

[4] See also, e.g., Bolender v. Singletary, 60 F.3d 727, 729 (11th Cir. 1995)(applying procedural bar based on state's successive petition doctrine).

court will not review question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment; rule applies whether the state law ground is substantive or procedural, citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)). State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997).

Further, and alternatively, Bucklon does not make out the required showing under the AEDPA. There is no Supreme Court precedent deciding the specific circumstances under which a state court judge may deny an acquittal motion where a defendant claims he was justified in his use of deadly force. Accordingly, the state court ruling in his case cannot be contrary to clearly established federal law because the state court could not have applied a rule of law contradicting clearly established Supreme Court precedent on the question, nor arrived at a conclusion opposite that of the Supreme Court in a case with materially indistinguishable facts.

To satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. In re Winship, 397 U.S. 358, 364 (1970). When reviewing the sufficiency of the evidence under the AEDPA standards, the limited inquiry is whether it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the state, would have permitted any rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313 (1979); Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

On habeas review, although each element of the offense must be established beyond a reasonable doubt, Bishop v. Kelso, 914 F.2d 1468, 1470 (11th Cir. 1990) (citing Jackson, 443 U.S. at 316), the state is not required to rule out every hypothesis except that of the guilt of the defendant, Jackson, 443 U.S. at 326. The federal court will not reweigh the evidence. Jackson v. Virginia, 443 U.S. at 319. The trier of fact is responsible for fairly resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. Id. Although the facts as they exist in the record may support opposing inferences, a federal habeas corpus court must presume that the jury resolved such conflicts in favor of the prosecution and against Petitioner. See Heath v. Jones, 863 F.2d 815, 820 (11th Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1991). In other words, the federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. Heath, 863 F.2d at 820 (citing Jackson, supra, 443 U.S. at 326).

David Brown recounted at trial the actions of the victim and Bucklon the morning of March 26, 1998. To Brown, seated under a tree next to the convenience store located on 26th Street and Nebraska Avenue in Tampa, it appeared the two were involved in a drug transaction. (Resp. Ex. 01, V 5 T 285-286) Upon the conclusion of the transaction, the victim left and Bucklon returned to the convenience store. Id. Twenty minutes later, the victim returned to the store and confronted Bucklon. (V 5 T 287) Brown indicated a verbal argument ensued between the two just outside the store during which the victim accused Bucklon of selling him "bad dope." (V 5 T 288)

The argument continued with the victim threatening to "whoop" Bucklon's "ass" after what they had done to him. At that time, Brown did not see anything in the hands of either the victim or Bucklon. (V 5 T 288) Upon the victim stating he was going to "fuck them up," Bucklon walked up behind the victim and said to him, "What did you say? What did you say you were going to do to me?" (V 5 T 289, 290) Bucklon became angry and followed the victim to a vacant lot behind the convenience store. (V 5 T 290) Brown then went in the convenience store. Id.

Moments later, as Brown exited the convenience store, he heard two shots. (V 5 T 291) Brown peeked around the corner of the store to investigate, and according to Brown, he observed Bucklon standing with a gun in his hand pointed straight at the victim, who was approximately eight to ten feet away from Bucklon. (V 5 T 292,  293) Following the two shots, Brown noticed the victim going after Bucklon with a bottle in his hand. (V 5 T 291) Next, the victim acted as if he were going to hit Bucklon with the bottle, slowly inching toward him. (V 5 T 293) When the victim was approximately five or six feet away from Bucklon, he gestured as though he were going to strike Bucklon with the bottle. (V 5 T 293) Bucklon flinched and shot him. At no point, according to Brown, were the victim and Bucklon wrestling on the ground together prior to the fatal shot being fired. (V 5 T 293, 295) After the victim was shot, he touched his left side, stopped his movement and just stood there. (V 5 T 294) Bucklon walked away and left with the gun. Id. Moments later, the victim staggered and fell into the arms of Cuban Tony. Id. At no point did Brown observe the victim with a gun. (V 5 T 295)

Roger Smith testified he was in his back yard feeding his dogs when he heard the victim and Bucklon arguing at a vacant lot behind the convenience store. (V 5 T 344) Soon afterward, Smith heard a gunshot and immediately observed Bucklon five or six feet from the victim. Bucklon had a gun in his hand pointed at the ground. (V 5 T 345) Smith did not see the victim carrying any weapon. (V 5 T 346) Following the initial gunshot, Smith said Bucklon shot the gun into the ground "a couple more times."  (V 5 T 347) Bucklon and the victim continued arguing for another five minutes. Smith saw the victim pick up a rock or bottle and swing it around. (V 5 T 347) As the victim charged Bucklon, the victim was brushed aside, falling to the ground. Id. Meanwhile, Bucklon remained standing the entire time with a gun in his hand. (V 5 T 348) As the victim stood up, Bucklon fired his gun a third time at a 45 degree angle toward the victim. (V 5 T 349) At the time, the two men were approximately six or seven feet apart. Id. Realizing he struck the victim, Bucklon stood there for a second and then ran with the gun. Id. At no time did Smith witness the victim and Bucklon wrestle on the ground prior to the shooting. (V 5, T 351)

In addition to the testimony of the two eye witnesses, Dr. Lee Miller testified the path of the bullet which killed the victim went from his left side to the right and slightly down. (V 5 T 361) As a result of this entrance wound, the doctor concluded the muzzle of the gun was not actually pressed against the victim's body, although it could have been as close as a few inches to a few feet. (V 5 T 362) There were no powder burns on the victim's body or any other evidence of a close range effect. (V 5 T 363) Firearms expert Christopher Trumble testified that his tests indicated the gun fired by Bucklon at the victim was not at at close range. (V 6 T 385-387)

-14-

Bucklon's claim amounts to no more than a request that the federal court substitute its judgment for that of the jury, which, in finding petitioner guilty of manslaughter, rejected the claim of self-defense. Bucklon's calculated steps in arming himself, confronting the victim verbally, following him to the lot instead of retreating, and confronting the victim at gunpoint, refuted his claim that he killed in necessary self-defense. [5]  The state's evidence was sufficient to allow the jury to conclude Bucklon placed himself in his situation, and there were reasonable alternatives means to avoid the use of deadly force, including, among other things, for example, the option of leaving instead of following the victim to the lot and confronting him while armed.

Viewing the state's evidence of Bucklon's guilt in the light most favorable to the state, it is objectively reasonable to conclude a reasonable trier of fact could find Bucklon committed the crime for which he stands convicted without justifiable use of deadly force.[6] The state decision resulted in a reasonable application of established Supreme Court precedent and a reasonable determination of the facts in light of the evidence.

Ground one does not warrant habeas corpus relief.

---

[5] E.g., Thomas v. Sternes, 2004 U.S. Dist. LEXIS 12315 (D. Ill. July 4, 2004)(under circumstances of case, rational trier of fact could find beyond a reasonable doubt that petitioner could not have reasonably believed he was in imminent danger and did not exhaust every reasonable means to escape the danger, including withdrawing from scene or subduing victim without use of force that was likely to cause death or great bodily harm; rational trier of fact could find beyond a reasonable doubt that petitioner gave victim no indication that he would walk away from show of violence).

[6] See e.g., Pruitt v. Cockrell, 2001 U.S. Dist. LEXIS 14874 (N.D. Tex. Aug. 14, 2001)(report finding that rational jury could conclude petitioner was not justified in the use of deadly force and could have found the essential elements of the murder offense beyond a reasonable doubt), adopted Pruitt v. Cockrell, 2001 U.S. Dist. LEXIS 15614 (D. Tex. Sept. 14, 2001).

Grounds Two, Three, and Four

Grounds two and three present proposed instances in which Bucklon contends his trial counsel rendered ineffective assistance. The state decision, followed by the silent affirmance, resulted in a reasonable application of Strickland v. Washington, 466 U.S. 668, (1984).

Under Strickland, a petitioner must satisfy a two part test: (1) he must show counsel's performance was deficient, falling "below an objective standard of reasonableness, and (2) there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. 466 U.S. at 687-88. There is a strong presumption that counsel provided reasonable assistance, and the petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. Id. at 689. Courts must avoid using hindsight and must endeavor to evaluate the reasonableness of counsel's performance from counsel's perspective at the time. Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)(en banc) (quoting Strickland, 466 U.S. at 689, cert. denied, 531 U.S. 1204 (2001).

The prejudice prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687. Strickland counsels that if a defendant fails to make a proper showing under one of the prongs, the court need not consider the other prong. Id., 466 U.S. at 697.

In ground two, Bucklon faults his trial counsel for not calling Manual Rodriguez for the defense. In summarily denying this state rule 3.850 claim, the state trial court held that

Bucklon had failed to include the identity of the prospective exculpatory witnesses. (Resp. Ex. 16)

On collateral appeal, the State, acknowledging Bucklon had named the witness in his rule 3.850 motion, asserted Bucklon's allegations did not meet both Strickland prongs. As pointed out by the state, evidence was before Bucklon's jury that the victim had something in his hand. An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation with regard to counsel's performance regarding the proposed testimony. See Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999). Bucklon in his rule 3.850 motion did not set forth sufficient facts which would show, even if proven, that counsel was constitutionally obliged to present Rodriguez's testimony that was cumulative in nature.

Alternatively, this claim can be denied under Strickland's prejudice prong. In view of the state's evidence that established Bucklon made no attempt to retreat before or during the confrontation in which he shot the victim, it is objectively reasonable to conclude that even if counsel had presented the proposed cumulative evidence, there was no reasonable probability that the outcome of the case would have been different.

In ground three, Bucklon contends his trial counsel conceded his guilt during closing arguments. Bucklon was afforded a full and fair evidentiary hearing on his claim, and he did not establish the factual underpinnings for the claim. The state trial court held, in relevant part:

> In ground 3, Defendant alleges that counsel conceded Defendant's guilt in the closing argument. Specifically, when Defendant's counsel said: "[I]f you 100% reject Cedric Bucklon's defense, this was a self-defense claim. If you reject it entirely and you go back there and you say we cannot believe

that this was self-defense. I suggest to you, at most at the very most manslaughter." (See motion for post conviction relief, attached).

At the evidentiary hearing held on July 25, 2002, counsel for Defendant, Mr. Craig Kubiak, testified that the statement as quoted in Defendant's Motion was taken out of context. (See transcript, dated July 25, 2002, p. 8, L: 1-11, attached). Mr. Kubiak testified that rather than conceding Defendant's guilt, he was actually rebutting the State's closing argument by telling the jury that the State never proved first degree murder, nor did the State prove second degree murder or manslaughter: "I am compelled to rebut what Ms. Bossie just told you about lesser included offenses. Quite candidly I'm not going to spend a lot of time on them. They don't apply." (See transcript, dated July 25, 2002, p. 14, L: 25, p. 15, L: 1-25, p. 16, L: 1-15, attached).

Contrary to Defendant's claim that his counsel conceded guilt in the closing argument, Mr. Kubiak's testimony that the thrust of his representation of Defendant was self defense is borne out by the hearing transcripts. Mr. Kubiak repeatedly discussed the elements of self-defense during his closing argument and rebuttal. (See transcript, dated January 29, 1999, vol IV, pp. 391-401, pp. 421- 437, attached). Mr. Kubiak ended his closing argument by reinforcing self-defense:

This is a case of self defense. Unfortunately, it's the ultimate case of self defense. Somebody died and that is a tragedy . . . Taking a life that is justified is something the law makers probably struggled over. We can see why it's the law. When someone is put in that position. Why they would do that. That is what this case is about. Self-defense.

(See transcript, dated January 29, 1999, vol IV, p. 400, L:24-25, p. 401, L 1-8, attached).

Based on the foregoing, the Court believes and accepts the testimony of counsel as being true and rejects the testimony of Defendant as untrue and unworthy of belief. See Moore v. State, 458 So. 2d 61 (Fla. 3d DCA 1984)(holding that when a defendant gives contrary testimony at an evidentiary hearing, the trial court is privileged to reject the testimony in favor of the conflicting testimony of counsel). Although it may be true that counsel uttered the words cited in Defendant's Motion, the record reflects Mr. Kubiak never undermined the self-defense claim during his closing argument. As such no relief is warranted on this ground. . . . .

(Resp. Ex. 17)

It is objectively reasonable to conclude from counsel's remarks there was no improper concession of Bucklon's guilt. Counsel's testimony reveals his arguments conveyed the position that which was discussed with Bucklon, and the trial record bears out the reasonable determination that counsel never wavered from his forceful arguments that Bucklon acted in self-defense.

In Nixon v. State, 857 So.2d 172 (Fla. 2003), the Florida Supreme Court held there was no competent, substantial evidence to establish that Nixon affirmatively and explicitly agreed to trial counsel's strategy of conceding guilt. The Supreme Court, granting certiorari review, reversed in Florida v. Nixon, 543 U.S. 175 (2004). The Supreme Court found that defense counsel's failure to obtain defendant's express consent to a strategy of conceding guilt at the guilt phase of a capital trial did not automatically render counsel's performance deficient. Nixon held that despite counsel's concession of guilt, defendant retained the rights accorded a defendant in a criminal trial: the State was obliged to present evidence establishing the essential elements of the crime with which defendant was charged. The aggressive evidence was separated from the penalty phase, enabling the defense to concentrate that portion of the trial on mitigating factors, and the defense reserved the right to cross-examine witnesses for the prosecution and could endeavor to exclude prejudicial evidence. Reasonableness of counsel's performance in proceeding with a strategic choice that included conceding guilt at the guilt phase of a capital case, after counsel informed the defendant of the strategy and he was unresponsive, was to be judged in accord with the Strickland inquiry generally applicable to ineffective assistance of counsel claims.

In Bucklon's case, his counsel disputed to the jury that lesser offenses applied and qualified his rebuttal comment in stating that only if the jury first "100%" rejected Bucklon's claim of self-defense could they consider the possibility of manslaughter. (Resp. Ex. 01, V 5 T 422-23) It is objectively reasonable to conclude Bucklon's consent was not required for such remark. In any case, the complained of argument, taken in context and entirety, did not constitute a concession of guilt.

Moreover, Bucklon does not overcome the strong presumption that his counsel exercised reasonable professional judgment regarding his arguments in relation to the chosen defense and the state's evidence that supported a verdict on the charged offense, as well as manslaughter, the offense of which he was found guilty. At least one reasonably competent attorney could have decided to address the contingency of rejection of the chosen defense, in view of the state's evidence showing Bucklon was not justified in using deadly force. See e.g., Kitchens v. Johnson, 190 F.3d 698, (5th Cir. 1999)(counsel's characterization of charged murder as "brutal" and "savage" in closing argument at guilt phase, in an effort to bolster his credibility with jury, was reasonable trial strategy).

This claim can be denied under the prejudice prong without further inquiry under the performance prong. Given the state's evidence which established Bucklon's guilt of manslaughter, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had his counsel not advanced the argument Bucklon raises on

collateral attack.[7] The state decision on his claim resulted in a reasonable application of Strickland and a reasonable determination of the facts in light of the evidence.

In ground four, Bucklon raises a substantive claim of trial error regarding his counsel's closing remarks which are the subject of ground three. He faults the state trial court for not halting his trial for the purpose of inquiring into whether Bucklon consented to his counsel's closing argument. This claim is procedurally barred because Bucklon did not timely present to the state trial court and the appellate court on direct appeal a claim that federal constitutional guarantees required inquiry under the circumstances.

When Bucklon improperly raised his claim in a rule 3.850 motion, the state trial court expressly denied his claim based on the state's procedural rules which preclude collateral litigation of issues available on appeal. The ensuing affirmance rests on independent and adequate state procedural grounds barring federal review. See Ylst v. Nunnemaker, 501 U.S. 797 (1991); Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir.), cert. denied, 498 U.S. 832 (1990).

Bucklon does not make the required showing to lift the bar. He did not show valid cause to excuse his default. Moreover, he does not meet the actual prejudice exception. There was no concession of guilt of the lesser offense on the part of his counsel. And, he

---

[7] E.g., Parker v. Head, 244 F.3d 831, 840 (11th Cir. 2001)(where state habeas court concluded evidence failed to support claim counsel conceded petitioner's guilt, given counsel's testimony that concession during opening statement and closing argument was strategic decision made in consultation with him and in light of his admissible confession in order to maintain credibility with jury for sentencing purposes, and also where federal district court concluded petitioner had not shown actual prejudice from counsel's arguments, Eleventh Circuit held, based on evidence presented in state court it could not be said state decision was contrary to, or an unreasonable application of, the Strickland standard, or that the district court erred in concluding petitioner failed to show prejudice required under Strickland).

does not have any new evidence and cannot meet the fundamental miscarriage of justice exception.

Grounds two, three, and four do not warrant federal habeas corpus relief.

### Ground Five

Bucklon contends his trial counsel rendered ineffective assistance by not objecting to remarks of the prosecutor during her closing arguments. This claim is procedurally because Bucklon abandoned the claim by not raising it in his appeal of the denial of rule 3.850 relief.

In Florida, exhaustion of rule 3.850 claims includes an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807 (11th Cir. 1979). More particularly, when a rule 3.850 motion has been denied after an evidentiary hearing, the applicable rule provides a briefing schedule. See Rule 9.141(b)(3)(C). Pursuant to state procedural rules, a waiver of an issue results from submission of a brief without argument on the issue in an appeal of an order denying relief after an evidentiary hearing. See, e.g., Shere v. State, 742 So.2d 215, 224 n.6 (Fla. 1999)("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion. However, for most of these claims, Shere did not present any argument or allege on what grounds the trial court erred in denying these claims. We find that these claims are insufficiently presented for review."); see also, Duest v. Dugger, 555 So. 2d 849 (Fla. 1990)("Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief. The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to

arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived").

Bucklon's postconviction appeal was from a rule 3.850 order after an evidentiary hearing.[8]  Accordingly, Bucklon was obliged to file a brief upon appealing the denial of postconviction relief. His collateral appellate counsel chose not to raise this claim. As a result, Bucklon waived and abandoned ground five.

In his state habeas petition, Bucklon urged that his appellate counsel in his direct appeal was remiss for not arguing his trial counsel rendered ineffective assistance with regard to the prosecutor's argument. However, Bucklon cannot circumvent his eventual collateral waiver of his claim by reaching back to his state habeas petition alleging ineffective assistance of appellate counsel.

Moreover, Bucklon did not meet both prongs of <u>Strickland</u>. There was no ineffectiveness on the part of his trial counsel apparent on the face of the record, and the claim was not susceptible to review of direct appeal. See <u>Grubbs v. Singletary</u>, 120 F.3d 1174 (11th Cir. 1997)(appellate counsel was not ineffective for failing to advise Florida state appellate court in <u>Anders</u> brief of claim of ineffective assistance of trial counsel; such claim generally is not susceptible to review on direct appeal). In addition, Bucklon does not meet the actual prejudice and fundamental miscarriage of justice exceptions.

Ground five does not warrant federal habeas corpus relief.

---

[8] Bucklon's case is distinguishable from an appeal from summary denial of a rule 3.850 motion in entirety. In such circumstance, pursuant to Florida Rule of Appellate Procedure, 9.141(b)(C), no briefs are required.

Ground Six

Bucklon contends his trial counsel rendered ineffective assistance by not objecting to his sentencing as vindictive. This claim is procedurally barred for the same reason that the claim in ground five is procedurally barred.

Bucklon raised this claim in his rule 3.850 motion and the state trial court summarily denied the claim in the nonfinal order which preceded the evidentiary proceedings in state court. Subsequent to the final rule 3.850 denial, Bucklon's collateral counsel chose to advocate other grounds and did not argue this ground on appeal, working a default of ground six. Bucklon does not make the required showing to lift the independent and adequate procedural bar.

Bucklon again points to his state habeas petition. To the extent he relies upon such for cause, he does not show that his direct appeal counsel's performance constitutes cause to avoid his default. First, his allegations did not meet both <u>Strickland</u> prongs. Second, Bucklon cannot rely upon his state habeas petition for cause because he waived his ground subsequently in his rule 3.850 appeal. Bucklon does not show that actual prejudice will result if his ground is not reached. The Supreme Court has noted, a defendant in plea bargaining circumstances will often be "confronted with the 'certainty or probability' that, if he determines to exercise his right to plead innocent and to demand a jury trial, he will receive a higher sentence than would have followed a waiver of those rights." <u>Chaffin v. Stynchcombe</u>, 412 U.S. 17, 30-31 (1973) (internal citation omitted). The Court, also stated that "the imposition of these difficult choices . . . [is] an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas." <u>Id.</u> at 31.

In his state petition, Bucklon pointed to no evidence that the sentencing judge imposed a sentence only because he declined a plea offer by the state. Moreover, Bucklon did not meet his burden of showing actual vindictiveness in his sentencing, and showed neither deficient performance nor prejudice with regard to representation by either his trial or direct appeal counsel relative to his sentencing. He cannot meet the actual prejudice component of Wainwright v. Sykes, supra.

Ground six does not warrant federal habeas corpus relief.

### Ground Seven

Bucklon faults his trial counsel for not seeking an instruction to the jury that a finding of manslaughter with a firearm would subject him to enhanced punishment. This ground is procedurally barred for the same reasons that grounds five and six are procedurally barred. Bucklon raised the claim in his rule 3.850 motion and the claim was summarily denied. Following the final denial, his collateral counsel on appeal abandoned and waived his claim by arguing other issues and not arguing this particular claim.  As a result, Bucklon defaulted ground seven.

Bucklon does not make the required showing to lift the independent and adequate state procedural bar. He cannot rely upon his charge against his appellate counsel in his direct appeal in his state habeas petition. No ineffectiveness of trial counsel concerning his instruction issue was apparent on the record. Moreover, Bucklon's collateral abandonment of his ground in the rule 3.850 appeal is not external to the defense. He does not show actual prejudice.

Ground seven does not warrant federal habeas corpus relief.

Ground Eight

Bucklon faults his trial counsel for not objecting to an alleged comment made by Detective Holland on Bucklon's right to remain silent. This ground is also procedurally barred. Bucklon's ground was raised in his rule 3.850 motion and summarily denied. On collateral appeal, his counsel chose not to brief the ground, electing instead to brief other grounds, working a waiver and procedural default. Bucklon does not show cause and prejudice to overcome the bar, and does not show that a fundamental miscarriage of justice will result if this Court does not reach the merits of this ground.

Ground eight does not warrant federal habeas corpus relief.

Bucklon's arguments in his reply are not persuasive. He bases his arguments on a claim that he was convicted on circumstantial evidence. However, the record reflects that the State presented witnesses who elevated the state's case above the circumstantial evidence level.

Accordingly, the Court orders:

1. That Bucklon's petition is denied, with prejudice. The Clerk is directed to enter judgment against Bucklon and to close this case.

2. That Bucklon's motion for judgment or order (Doc. No. 38) is denied as moot.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, onOctober 19, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Cedric Maurice Bucklon